cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jaime Pineda,<br><br>        Plaintiff,<br>v.<br><br>Silvia H. Garcia, Chief Deputy Warden, et al.,<br><br>        Defendants. | Civil No. 08cv1655 WQH (AJB)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Doc. No. 5.] |

Plaintiff, Jaime Pineda, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983. Defendants Silvia Garcia, Jodie Rivera, Larry Lyle, M.D., E. Romero, and Jaya Sundara, M.D. filed a motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition.[1] After a thorough review of Defendants' motion, supporting documents, and the applicable law, this Court **RECOMMENDS** that Defendants' motion to dismiss be GRANTED with leave to amend.

## BACKGROUND

Plaintiff alleges that in April 1998, he was diagnosed with Hepatitis C while housed at Pelican Bay State Prison. (Compl. at 3.) He summarily claims that Defendants failed to give him an adequate and effective treatment plan for his Hepatitis C diagnosis. (Id. at 3-4.)

---

[1] On January 28, 2009, the Court *sua sponte* granted Plaintiff additional time to file an opposition.

As to Defendant Garcia, the Warden, Plaintiff claims that she knew or should have known that Plaintiff's rights were being violated and that her medical and correctional staff were "running over him rough shod." (Id. at 3.) Plaintiff claims that Defendant Rivera, as the Health Care Appeal Coordinator, was privy to medical documents such as the CDC 1824s (Reasonable Modification or Accommodation Request Form) and CDC 602s (Administrative Grievance Form) and should have known that his health was in danger and failed to carry out her fiduciary duty to Plaintiff. (Id. at 2, 7.) He claims that Rivera also allowed him to be misdiagnosed and mistreated. (Id.) Plaintiff further argues that Defendant Romero, the Health Care Manager, failed to carry out his fiduciary duty to carry out the protocol of the health care maintenance system which was a proximate cause to Plaintiff's rights being violated. (Id. at 7.) Plaintiff alleges that Defendant Dr. Jaya Sundara, a medical doctor, failed to prescribe an effective pain medication regimen to help alleviate the pain he experienced. (Id. at 2.) Lastly, Plaintiff claims he experienced multiple symptoms and complications as a direct result of Dr. Lyle. (Id. at 7.) Specifically, he claims that Dr. Lyle acted with deliberate indifference to his serious medical needs when the prescribed treatment caused him to almost die. (Id.) Plaintiff claims this failed treatment caused irreparable damage to his immune system and liver and Dr. Lyle failed to take corrective action. (Id.)

## DISCUSSION

**A.     Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks School of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpreta-

tion to a pro se civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.

**B.     Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs**

Defendants argue that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs.

"Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). This principle "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103.  The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.; see also West v. Atkins, 487 U.S. 42, 54-55 (1988).

Thus, to establish a violation of the Eighth Amendment, Plaintiff must plead sufficient acts or omissions to show that defendants were deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. at 106; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). Deliberate indifference to serious medical needs occurs when prison officials "deny, delay, or intentionally interfere with medical treatment." Hunt, 865 F.2d at 201 (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1984)). A section 1983 plaintiff must allege facts that show the seriousness of his medical need as well as "the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. Further, a mere difference of opinion over proper medical treatment does not constitute deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v. Albers, 475 312, 319 (1986)).

**1.     Vicarious Liability as to Defendants Warden Garcia and Appeals Coordinator Rivera**

There is no vicarious liability cognizable in 42 U.S.C. § 1983 actions. Monell v. Dept. of Soc. Serv. of the City of New York, 436 U.S. 658 (1978). To state a claim against a state official under section 1983, the complainant must allege direct personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370 (1976).

Plaintiff generally alleges that Defendant Garcia knew or should have know that Plaintiff's rights were being violated by his subordinates. However, Plaintiff does not provide any facts that Defendant Garcia purportedly knew for her to infer a claim of deliberate indifference to Plaintiff's serious medical needs. In addition, Plaintiff claims that through the appeals process, Defendant Rivera should have known about the constitutional violations and failed to act. Again, Plaintiff has failed to show what information Defendant Rivera knew about for her to have been aware of a constitutional violation. Plaintiff has failed to show that Defendants Garcia and Rivera had any knowledge about the violation and failed to act to prevent it or that they participated in or directed the violation. See Taylor, 880 F.2d at 1045. Accordingly, the Court RECOMMENDS that Defendants Garcia and Rivera's motion to dismiss be GRANTED.

**2.     Defendants Lyle, Romero, Sundara**

Plaintiff provides conclusory allegations that Defendants Lyle, Romero and Sundara acted with deliberate indifference to serious medical needs.[2] In the Complaint, Plaintiff claims that Defendant Romero failed to carry out his fiduciary duty to carry out the protocol of the health maintenance system. Plaintiff alleges that Dr. Lyle caused him to experience complications which caused him irreparable

---

[2] In the Complaint, Plaintiff incorporates by reference the facts and claims in his 602 Forms and letters to the Warden. Review pursuant to Federal Rule of Civil Procedure 12(b)(6) is limited to the contents of the complaint. See Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998). Therefore, Plaintiff may not incorporate by reference facts outside the complaint.

1  damage to his immune system and liver.  He also claims that Dr. Lyle failed to take corrective action.

2  Lastly, Plaintiff states that Dr. Sundara failed to prescribe pain medication to help alleviate his pain.

3  Plaintiff does not provide facts to show how each Defendant acted with the culpability required

4  under deliberate indifference to Plaintiff's serious medical needs.  Dismissal is generally proper only

5  where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a

6  cognizable legal theory."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica

7  Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).   Since there are insufficient facts to support a claim of

8  deliberate indifference to serious medical needs, the Court RECOMMENDS that Defendants' motion to

9  dismiss should be GRANTED as to Defendants Lyle, Romero, and Sundara.

## Conclusion

11  Based on the above, the Court **RECOMMENDS** that Defendants' motion to dismiss be

12  **GRANTED** with leave to amend.

13  This report and recommendation will be submitted to the United States District Judge assigned to

14  this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with

15  the court and serve a copy on all parties by **April 17, 2009**.  The document should be captioned

16  "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by

17  **May 1, 2009**.  The parties are advised that failure to file objections within the specified time may waive

18  the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

19  Cir. 1991).

21  IT IS SO ORDERED.

23  DATED:  March 18, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court